UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/18

DIANE M. MOULTRY,

                         Plaintiff,

        -against-

ROCKLAND PSYCHIATRIC CENTER,

                         Defendant.

17-cv-4063 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Diane M. Moultry brings this action through her complaint ("Complaint," ECF No. 1) against Defendant Rockland Psychiatric Center and alleges that Defendant discriminated against her based on her race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17 ("Title VII"); 42 U.S.C. § 1981, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–97.

Before the Court is Defendant's motion to dismiss the Complaint. ("Defs.' Mot. to Dismiss," ECF No. 27). For the following reasons, the motion is GRANTED.

## BACKGROUND

The below facts are taken from Plaintiff's Complaint and matters of which the Court may take judicial notice and are accepted as true for the purposes of this motion.

Plaintiff, an African-American individual, alleges that her employer, Defendant Rockland Psychiatric Center, discriminated against her on the basis of race. According to Plaintiff, Defendant did not promote her, provided her with terms and conditions of employment different from those of similar employees, and harassed her or created a hostile work environment for discriminatory reasons. (Compl. p. 5.) On December 7, 2016, Plaintiff filed a discrimination

charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"), and she subsequently received a Notice of Right to Sue, dated February 22, 2017. (*Id.* p. 6.) Plaintiff attaches her EEOC Intake Questionnaire, which provides some factual background for her allegations, to her Complaint.

In July 2013, Plaintiff became Rehabilitation Supervisor. On December 27, 2013, Defendant posted the eligibility list for the Supervisor of Rehabilitation Services position, presumably a promotion from Rehabilitation Supervisor. Plaintiff does not specify whether she was eligible for this promotion, but she states that she "did not see any postings for it" and that a Caucasian woman was appointed as Supervisor of Rehabilitation Services on January 30, 2014. In September 2014, Plaintiff was appointed Acting Treatment Coordinator and in November of that year she applied for Supervisor of Rehabilitation Services, seemingly a promotion. Human Resources informed Plaintiff that they decided to leave the position open. However, the next year, in October 2015, the Supervisor position was again posted as being available. Plaintiff applied, but a Caucasian individual, Lorri Setaro, was appointed to the position. In January 2016, Louis Pachlin, Caucasian, was promoted to Chief Recreation Therapist. Plaintiff alleges that the title for this position was changed so that Mr. Pachlin would qualify.

Then, on November 29, 2016, Defendant informed Plaintiff that she was not selected for the Supervisor of Rehabilitation Services position "due to [her] work . . .being turned in late and no significant improvement from the last time [she] was asked to correct it." Plaintiff's Complaint does not specify whether she applied to the position. Ultimately, Maureen McCue, Caucasian, was appointed as Supervisor of Rehabilitation Services.

Plaintiff concludes that her supervisors "treated [her] unfairly by never allowing [her] to receive any promotional opportunities by always making it possible for [her] Caucasian peers to get promoted."

Plaintiff appears to remain employed by Defendant Rockland Psychiatric Center.

## MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a 12(b)(6) motion, the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Nor must the Court credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either

possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp., plc.* 706 F.3d 145, 152 (2d Cir. 2013).

Where, as here, a plaintiff proceeds *pro se*, the court must construe the Complaint liberally and interpret it to raise the strongest arguments that it suggests. *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, " 'the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law.' " *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## DISCUSSION

### I. Eleventh Amendment Immunity

Defendant argues that Eleventh Amendment immunity precludes Plaintiff's 42 U.S.C. § 1981 and NYHRL claims.

The Eleventh Amendment prohibits suits against a state or its agency in federal court "absent waiver by the State or valid congressional override." *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985); *see Davis v. New York,* 316 F.3d 93, 101 (2d Cir.2002). Section 1981 did not abrogate the states' Eleventh Amendment immunity and New York did not waive its immunity under NYSHRL. *Quern v. Jordan,* 440 U.S. 332, 343 (1979); *Fry v. McCall,* 945 F. Supp. 655, 661 (S.D.N.Y. 1996).

Defendant is part of the New York State's Office of Mental Health, a state agency. N.Y. Mental Hyg. Law § 7.17(b). Accordingly, because Defendant is a state agency, it is immune from Plaintiff's § 1981 and NYSHRL claims[1] under Eleventh Amendment sovereign immunity and those claims must be dismissed.

---

[1] Congress has abrogated states' immunity from Title VII claims. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

4

## II. Title VII Claims

Plaintiff alleges that Defendant, as early as 2013, discriminated against her based on her race in violation of Title VII. Defendant argues that some of the alleged instances of discrimination are time barred and that Plaintiff's remaining allegations are insufficient to state a plausible Title VII claim.

### A. Timeliness of Title VII Claim

Under Title VII, for an aggrieved person to bring a private action for discrimination where he or she has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," he or she must have filed charges with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *accord Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002). The aggrieved person must also have received a notice of her right to sue from the EEOC and must have brought suit "within ninety days after the giving of such notice." 42 U.S.C. § 2000e– 5(f)(1); *see also McPherson v. N.Y. City Dep't of Educ.,* 457 F.3d 211, 213–14 (2d Cir. 2006). "The timeliness requirement of Title VII 'is analogous to a statute of limitations.' " *McPherson,* 457 F.3d at 214 (quoting *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir.1996)). Nonetheless, although "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges, ... [Title VII does not] bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp.,* 536 U.S. at 113.

Here, Plaintiff filed her claim with the EEOC on December 7, 2016, three hundred days after February 11, 2016. Interpreting Plaintiff's Complaint liberally, almost all of the instances of alleged discrimination occurred before February 2016, outside of the three-hundred day

window established in the statute. Accordingly, claims for those alleged instances of discrimination occurring before February 11, 2016 are time barred and are dismissed with prejudice.

### B. Title VII Claim for Discrimination from November 2016

Plaintiff's remaining Title VII claim is for Defendant's failure to promote her to Supervisor of Rehabilitation Services in November 2016.

A plaintiff establishes a claim for race discrimination by showing that "race . . . was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e–2(m). To establish a prima facie discrimination claim for a failure to promote, a plaintiff must establish that "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009). Plaintiffs must provide "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (quoting *Littlejohn v. New York*, 795 F.3d 297, 310 (2d Cir. 2015)) (internal quotation marks omitted). While "a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, [ ] it must nevertheless comply with the plausibility standard set forth in *Twombly* and *Iqbal*." *Chung v. City Univ. of N.Y.*, 605 F. App'x 20, 21–22 (2d Cir. 2015) (quoting *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)) (internal quotation mark omitted) (citations omitted).

Plaintiff fails to state a facially plausible claim for race-based discrimination under Title VII. While Plaintiff establishes that she is a member of a protected class, Plaintiff does not allege that she applied for the November 2016 promotion or that she was qualified for the new position. Even if the Court were to infer that she applied to the position, Plaintiff's Complaint contains no facts to suggest that Ms. McCue, who was ultimately appointed to the position, had similar qualifications to Plaintiff. *See Aulicino*, 580 F.3d at 80. At most, interpreting Plaintiff's Complaint to raise the strongest arguments that it suggests, Plaintiff's Title VII amounts to a conclusory allegation. *See Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016). Accordingly, Plaintiff's remaining Title VII claim must be dismissed for failure to state a facially plausible claim.

### C. Plaintiff's Remaining Claims

In her Complaint, Plaintiff indicates that Defendant provided her with terms and conditions of employment different from those of similar employees and that Defendant created a hostile work environment. (Compl. p. 5.) To state a *prima facie* case of a hostile work environment because of discrimination on the basis of race or color, a plaintiff must show that: (1) the workplace was permeated with discriminatory harassment or intimidation that was sufficiently severe or pervasive to alter the conditions of her working environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer. *Mack v. Otis Elevator Co.,* 326 F.3d 116, 122 (2d Cir.2003).

"The standard for stating a hostile work environment claim under Title VII is a demanding one." *Risco v. McHugh*, 868 F. Supp. 2d 75, 115 (S.D.N.Y. 2012). Even if a plaintiff successfully raises a genuine issue of material fact on the inference of discrimination, as required for a *prima facie* case of Title VII discrimination, a plaintiff must show more to establish the first

element of a hostile working environment claim. *See, e.g., Lopez v. S.B. Thomas, Inc.,* 831 F.2d 1184, 1189–90 (2d Cir.1987) (finding genuine issue of material fact on inference of discrimination but not for claim of hostile work environment).

However, beyond selecting those claims from a list in her Complaint, Plaintiff alleges no facts supporting either claim. To survive a Rule 12(b)(6) motion, a Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff alleges no facts to support these claims, and certainly not enough facts to state a claim that is plausible on its face. Accordingly, to those claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's § 1981 and NYSHRL claims and time barred Title VII claims are dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice. The Court notes that it appears that Plaintiff attempted to amend her Complaint but did not follow proper procedure. (*See* ECF No. 25.) Accordingly, Plaintiff is directed to file any amended complaint by December 14, 2018. The Plaintiff is reminded that under Rule 12(b)(6), a complaint must state a claim upon which relief can be granted.

The Court respectfully directs the Clerk to terminate the motion at ECF No. 27 and to mail a copy of this Opinion to Plaintiff at her most recent address on ECF and to show proof of service on the docket.

Dated:     October 30, 2018
           White Plains, New York

                                        SO ORDERED:

                                        _____
                                        NELSON S. ROMÁN
                                        United States District Judge